Jonathan Shub
Kevin Laukaitis*
**SHUB LAW FIRM LLC**
134 Kings Highway E., 2nd Floor
Haddonfield, NJ 08033
Tel: (856) 772-7200
Fax: (856) 210-9088
jshub@shublawyers.com
klaukaitis@shublawyers.com

*Attorneys for Plaintiff and the Proposed Classes*
[Additional Counsel on Signature Page]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ERIN SMID, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAMPBELL SOUP COMPANY, AND PLUM, PBC,<br><br>Defendants. | CASE NO.:__________________<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff Erin Smid, on behalf of herself and all others similarly situated, by her undersigned attorneys, against Defendants, Campbell Soup Company (hereafter "Campbell") and Plum, PBC (hereafter "Plum"), alleges the following based upon personal knowledge as to herself and her own action, and, as to all other matters, allege, upon information and belief and investigation of her counsel, as follows:

## INTRODUCTION

1. This is a consumer class action brought individually by Plaintiff and on behalf of all persons in the below-defined proposed Classes, all of whom purchased one or more baby foods manufactured by Defendants.[1]

2. Campbell purchased Plum in 2013 for $249 million. At the time, Campbell touted Plum as the "No. 2 brand of organic baby food in the United States."[2] Plum represents its food philosophy as "Little ones deserve the very best food from the very first bite."[3] Plum prides itself for being on "Team Parent," noting on its website and advertisements, "Parenting is hard. That's why Plum is easy."[4]

3. Defendants do not list heavy metals as an ingredient on the Products' label nor do they warn of the potential presence of heavy metals in their Products.

---

[1] The purchased products include, but are not limited to: Plum Organics Stage 1 Just Peaches, Plum Organics Stage 1 Just Prunes, Plum Organics Stage 1 Just Sweet Potato, Plum Organics Stage 1 Just Mango, Plum Organics Super Puffs Variety Pack, Plum Organics Stage 2 Pear Purple Carrot & Blueberry, Plum Organics Stage 2 Pear Spinach and Pea, Plum Organics Stage 2 Banana Pumpkin, Plum Organics Stage 2 Grow Well DHA, Plum Organics Stage 2 Sweet Potato Apple & Corn, Plum Organics Stage 2 Banana Zucchini & Amaranth, Plum Organics Stage 2 Mango Sweet Potato Apple & Millet, Plum Organics Stage 2 Pumpkin Chickpea Spinach & Broccoli, Plum Organics Stage 2 Butternut Squash Carrot Chickpea & Corn, Plum Organics Stage 2 Apple Plum Berry Barley, Plum Organics Stage 2 Pear & Mango, Plum Organics Stage 2 Peach Pumpkin Carrot & Cinnamon, Plum Organics Stage 2 Mango Yellow Zucchini Corn & Turmeric, Plum Organics Mighty 4 Guava Banana Black Bean Carrot Oat, Plum Organics Mighty 4 Pear Cherry Blackberry Strawberry Black Bean Spinach Oat, Plum Organics Mighty Veggie Zucchini Apple Watermelon Barley, Plum Organics Mighty Veggie Spinach Grape Apple Amaranth, Plum Organics Mighty Veggie Carrot Pear Pomegranate Oat, Plum Organics Mighty Morning Banana Blueberry Oat Quinoa, Plum Organics Mighty Protein & Fiber Pear White Bean Blueberry Date & Chia, Plum Organics Mighty Protein & Fiber Mango Banana White Bean Sunflower Seed Butter & Chia, and Plum Organics Mighty Protein & Fiber Banana White Beat Strawberry Chia (the "Products").

[2] *See* https://www.campbellsoupcompany.com/newsroom/press-releases/campbell-completes-acquisition-of-plum-organics/ (last accessed February 10, 2021).

[3] *See* https://www.plumorganics.com/food-philosophy/ (last accessed February 10, 2021).

[4] *See* https://www.plumorganics.com/video-category/parenting-is-hard/#videos (last accessed February 10, 2021).

4. Unbeknownst to Plaintiff and members of the proposed Classes, and contrary to the representations on the Products' label, the Products contain toxic heavy metals, which, if disclosed to Plaintiff and members of the proposed Classes prior to purchase, would have caused Plaintiff and members of the proposed Classes not to purchase or consume the Products.

5. As a result, the Products' labeling is deceptive and misleading.

6. Plaintiff and the members of the proposed Classes, as defined below, thus bring claims for consumer fraud and seek damages, injunctive and declaratory relief, interest, costs, and attorneys' fees.

## THE PARTIES

7. Plaintiff Erin Smid is a citizen of the State of Illinois and is a member of the proposed Classes defined herein. She purchased all of the listed Products from Amazon between December 29, 2017 and January 13, 2021.

8. Defendant, Campbell Soup Company, is a New Jersey corporation with its headquarters located in Camden, New Jersey.

9. Defendant, Plum, PBC, is a Delaware corporation with its headquarters located in San Francisco, California.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under the Class Action Fairness Act of 2005 (hereinafter referred to as "CAFA") codified as 28 U.S.C. § 1332(d)(2) because the claims of the members of the proposed Classes exceed $5,000,000 and because Defendants are citizens of a different state than most members of the proposed Classes.

11. This Court has personal jurisdiction over Defendants because Defendants regularly sell and market products and conduct business in this District and/or under the stream of commerce doctrine by allowing products to be sold in this District, including the Products.

12. Venue is proper in this Court because a substantial portion of the events complained of herein took place in this District, and this Court has jurisdiction over the Defendants. Furthermore, Defendant, Campbell, is incorporated and headquartered in this District.

## FACTUAL ALLEGATIONS

13. Defendants manufacture, distribute, promote, offer for sale, and sell the Products, both in the past and currently. Defendants have advertised and continue to advertise the Products through television commercials, print advertisements, point-of-sale displays, product packaging, Internet advertisements, and other promotional materials.

14. An investigation by the U.S. House of Representatives Subcommittee on Economic and Consumer Policy (hereafter the "Subcommittee") revealed that baby foods manufactured by Defendants are "tainted with significant levels of toxic heavy metals, including arsenic, lead, cadmium, and mercury."[5]

15. Exposure to heavy metals causes permanent decreases in IQ, diminished future economic productivity, and increased risk of future criminal and antisocial behavior in children. Toxic heavy metals endanger infant neurological development and long-term brain function. Lead and arsenic are heavy metals known to cause a wide spectrum of adverse outcomes in pregnancy

[5] U.S. House of Representatives Subcommittee on Economic and Consumer Policy, Staff Report, "Baby Foods are Tainted with Dangerous Levels of Arsenic, Lead, Cadmium and Mercury (Feb. 4, 2021).

such as abortions, retarded growth at the intrauterine cavity, skeletal deformities, malformations and retarded development especially of the nervous system.[6]

16. Defendants refused invitations to cooperate with the Subcommittee, leading the Subcommittee to state it is "greatly concerned that [Defendants'] lack of cooperation might be obscuring the presence of even higher levels of toxic heavy metals in their baby food products than their competitors' products." Defendants additionally refused to produce to the Subcommittee their testing standards or any specific test results regarding the presence of toxic heavy metals. Rather, Defendants provided a spreadsheet "self-declaring" that their baby food meets unspecified criteria for toxic heavy metals.[7]

17. Defendants' produced a spreadsheet, which declares that their baby food met the criteria for mercury, which notes with asterisks that for mercury: "[n]o specific threshold established because no high-risk ingredients are used." The Subcommittee found this note disturbing, stating "[t]his misleading framing—of meeting criteria that do not exist—raises questions about what [Defendants'] other thresholds actually are, and whether they exist."[8]

18. The Subcommittee notes that Defendants' "evasion is concerning, as even limited independent testing has revealed the presence of toxic heavy metals in their baby food."

19. Young children are particularly vulnerable to lead because the physical and behavioral effects of lead occur at lower exposure levels in children than in adults. A dose of lead that would have little effect on an adult can have a significant effect on a child. In children, low levels of

[6] *Id.*
[7] *Id.*
[8] *Id.*

exposure have been linked to damage to the central and peripheral nervous system, learning disabilities, shorter stature, impaired hearing, and impaired formation and function of blood cells.[9]

20. EPA has set the maximum contaminant level goal for lead in drinking water at zero because lead is a toxic metal that can be harmful to human health even at low exposure levels. Lead is persistent, and it can bioaccumulate in the body over time.[10]

21. The Agency for Toxic Substances and Disease Registry states that there may be no threshold for lead with regards to developmental impact on children. "In other words there are no safe limits for [lead]."[11]

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action individually and on behalf of all other persons similarly situated pursuant to Federal Rule of Civil Procedure 23. The class definition(s) may depend on the information obtained throughout discovery. Notwithstanding, at this time, Plaintiff brings this action and seeks certification of the following proposed Class: All persons within the United States who purchased and consumed the Products from the beginning of any applicable limitations period through the date of class certification (the "National Class" or the "Class").

23. Plaintiff also seeks certification of the following subclass (the "Illinois Sub-Class"): All persons in the State of Illinois who purchased and consumed the Products from the beginning of any applicable limitations period through the date of class certification.

24. Excluded from the proposed Classes are the Defendants, and any entities in which the Defendants have controlling interest, the Defendants' agents, employees and their legal

---

[9] *See* https://www.cdc.gov/nceh/lead/prevention/pregnant.htm.

[10] *See* https://www.epa.gov/ground-water-and-drinking-water/basic-information-about-lead-drinking-water.

[11] G. Schwalfenberg, I. Rodushkinb, S.J. Genuis, "Heavy metal contamination of prenatal vitamins," Toxicology Reports 5 at 392 (2018).

representatives, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and Plaintiff's counsel, their staff members, and their immediate family.

25. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

26. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Classes are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Classes number in the thousands to tens of thousands. The number of members in the Classes is presently unknown to Plaintiff but may be verified by Defendants' records. Members of the Classes may be notified of the pendency of this action by mail, email, Internet postings, and/or publication.

27. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** Common questions of law and fact exist as to all members of the Classes and predominate over questions affecting only individual members of the Classes. Such common questions of law or fact include, but are not limited to, the following:

a. Whether the Products contain dangerous levels of heavy metals;

b. Whether the marketing, advertising, packaging, labeling, and other promotional materials for the Products are deceptive;

c. Whether Defendants' actions violate the state consumer fraud statutes invoked below;

d. Whether Defendants' actions constitute common law fraud;

e. Whether Plaintiff and Members of the Classes were damaged by Defendants' conduct;

f. Whether Defendants were unjustly enriched at the expense of Plaintiff and Class Members; and

g. Whether Plaintiff and Class Members are entitled to injunctive relief.

28. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** The claims of the named Plaintiff are typical of the claims of other Members of the Classes. All Members of the Classes were comparably injured by Defendants' conduct described above, and there are no defenses available to Defendants that are unique to Plaintiff or any particular members of the Classes.

29. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate Class representative because her interests do not conflict with the interests of other Members of the Classes; she has retained class counsel competent to prosecute class actions and financially able to represent the Classes.

30. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendants have acted or refused to act on grounds generally applicable to Plaintiff and the other Members of the Classes, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Members of the Classes as a whole. In particular, Plaintiff seeks to certify the Classes to enjoin Defendants from selling or otherwise distributing baby foods until such time that Defendants can demonstrate to the Court's satisfaction that their baby foods are accurately labeled.

31. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other means of adjudication for this controversy. It would be impracticable for Members of the Classes to individually litigate their own claims against Defendants because the damages suffered by Plaintiff and the Members of the Classes are relatively small compared to the cost of individually litigating their claims. Individual litigation would create the potential for inconsistent

judgments and delay and expenses to the court system. A class action provides an efficient means for adjudication with fewer management difficulties and comprehensive supervision by a single court.

## CAUSES OF ACTION

## COUNT I

### VIOLATIONS OF ILLINOIS CONSUMER FRUAD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 Ill. Comp. Stat. §§ 505, *et seq*. (On behalf of the Illinois Sub-Class)

32. The Plaintiff, individually and on behalf of the Illinois Class, repeats and re-alleges all previously alleged paragraphs, as if fully alleged herein.

33. Defendants are "persons" as defined by 815 Ill. Comp. Stat. § 505/1(c).

34. The Illinois Plaintiff and Illinois Class Members are "consumers" as defined by 815 Ill. Comp. Stat. § 505/1(e).

35. Defendants' conduct as described herein was in the conduct of "trade" or "commerce" as defined by 815 Ill. Comp. Stat. § 505/1(f). Defendants' conduct is described in full detail above.

36. Defendants' conduct constitutes deceptive, unfair, and unlawful trade acts or practices, in violation of 815 Ill. Comp. Stat. § 505/2.

37. Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

38. The above unfair and deceptive practices and acts by Defendants were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury that these consumers could not have reasonably avoided; this substantial injury outweighed any benefit to consumers or to competition.

39. As a direct and proximate result of Defendants' deceptive acts and practices, Plaintiff and the Illinois Class Members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Products.

40. The Plaintiff and the Illinois Class Members seek all monetary and non-monetary relief allowed by law, including damages, restitution, punitive damages, injunctive relief, and reasonable attorneys' fees and costs.

**COUNT II**

**VIOLATIONS OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT, 815 Ill. Comp. Stat. §§ 505, *et seq*.**
**(On behalf of the Illinois Sub-Class)**

41. The Plaintiff, individually and on behalf of the Illinois Class, repeats and re-alleges all previously alleged paragraphs, as if fully alleged herein.

42. Defendants are "persons" as defined by 815 Ill. Comp. Stat. § 510/1(5).

43. Defendants engaged in deceptive trade practices in the conduct of their businesses, in violation of 815 Ill. Comp. Stat. § 510/2(a) by making misrepresentations and false statements concerning the presence of heavy metals in their Products.

44. Defendants' representations and omissions were material because they were likely to deceive reasonable consumers.

45. The above unfair and deceptive practices and acts by Defendants were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to Plaintiff and the Illinois Class Members that they could not have reasonably avoided; this substantial injury outweighed any benefits to consumers or to competition.

46. As a direct and proximate result of Defendants' deceptive acts and practices, Plaintiff and the Illinois Class members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from not receiving the benefit of their bargain in purchasing the Products.

47. The Plaintiff and the Illinois Class Members seek all monetary and non-monetary relief allowed by law, including injunctive relief and reasonable attorneys' fees.

## COUNT III

## UNJUST ENRICHMENT
**(On Behalf of the National Class)**

48. Plaintiff, individually and on behalf of the National Class, repeats and realleges all previously alleged paragraphs, as if fully alleged herein.

49. Plaintiff and the putative Class Members conferred a benefit on Defendants when they purchased the Products, of which Defendants had knowledge. By their wrongful acts and omissions described herein, including selling the Products, which contain heavy metals, including arsenic, mercury, cadmium, and lead at levels above what is considered safe for babies, Defendants were unjustly enriched at the expense of Plaintiff and the putative Class Members. Plaintiff's detriment and Defendants' enrichment were related to and flowed from the wrongful conduct challenged in this Complaint.

50. Defendants have profited from their unlawful, unfair, misleading, and deceptive practices at the expense of Plaintiff and the putative Class Members under circumstances in which it would be unjust for Defendants to be permitted to retain the benefit. It would be inequitable for Defendants to retain the profits, benefits, and other compensation obtained from their wrongful conduct as described herein in connection with selling the Products.

51. Defendants have been unjustly enriched in retaining the revenues derived from the proposed Class Members' purchases of the Products, which retention of such revenues under these circumstances is unjust and inequitable because Defendants manufactured defective Products, and misrepresented the nature of the Products, misrepresented their ingredients, and knowingly marketed and promoted dangerous and defective Products, which caused injuries to Plaintiff and Members of the proposed Class because they would not have purchased the Products based on the same representations if the true facts concerning the Products had been known.

52. Plaintiff and the putative Class Members have been damaged as a direct and proximate result of Defendants' unjust enrichment because they would not have purchased the Products on the same terms or for the same price had they known the true nature of the Products and the misstatements regarding what the Products were and what they contained.

53. Defendants either knew or should have known that payments rendered by Plaintiff and the putative Class Members were given and received with the expectation that the Products were produced in accordance with the stated food philosophy, "Little ones deserve the very best food from the very first bite," as represented by Defendants. It is inequitable for Defendants to retain the benefit of payments under these circumstances.

54. Plaintiff and the putative Class Members are entitled to recover from Defendants all amounts wrongfully collected and improperly retained by Defendants.

55. When required, Plaintiff and the putative Class Members are in privity with Defendants because Defendants' sale of the Products was either direct or through authorized sellers. Purchasing through authorized sellers is sufficient to create such privity because such authorized sellers are Defendants' agents for the purpose of the sale of the Products.

56. As a direct and proximate result of Defendants' wrongful conduct and unjust enrichment, Plaintiff and the putative Class Members are entitled to restitution of, disgorgement of, and/or imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendants for their inequitable and unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Classes proposed in this Complaint, respectfully requests that the Court enter judgment as follows:

A. Declaring that this action is a proper class action, certifying the Classes as requested herein, designating Plaintiff as Class Representative, and appointing the undersigned counsel as Class Counsel for the Classes;

B. Ordering Defendants to pay actual damages to Plaintiff and the other members of the Classes;

C. Ordering Defendants to pay restitution to Plaintiff and the other members of the Classes;

D. Ordering Defendants to pay punitive damages, as allowable by law, to Plaintiff and the other members of the Classes;

E. Ordering Defendants to pay statutory damages, as provided by the applicable state consumer protection statutes invoked herein, to Plaintiff and the other members of the Classes;

F. Ordering Defendants to pay reasonable attorneys' fees and litigation costs to Plaintiff and the other members of the Classes, as allowable by law;

G. Ordering Defendants to pay both pre- and post-judgment interest, as allowable by law, on any amounts awarded; and

H. Ordering such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all claims in this Complaint so triable. Plaintiff also respectfully requests leave to amend this Complaint to conform to the evidence, if such amendment is needed for trial.

Dated: February 11, 2021

Respectfully submitted,

*/s/ Jonathan Shub*
Jonathan Shub
Kevin Laukaitis*
**SHUB LAW FIRM LLC**
134 Kings Highway E., 2nd Floor
Haddonfield, NJ 08033
Tel: (856) 772-7200
Fax: (856) 210-9088
jshub@shublawyers.com
klaukaitis@shublawyers.com

Gary E. Mason*
Danielle Perry*
**MASON LIETZ & KLINGER, LLP**
5101 Wisconsin Avenue NW, Suite 305
Washington, DC 20016
Tel: 202-640-1168
Fax: 202-429-2294
gmason@masonllp.com
dlietz@masonllp.com

Gary M. Klinger*
**MASON LIETZ & KLINGER, LLP**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Tel: 202-640-1168
Fax: 202-429-2294
gklinger@masonllp.com

Jeffrey S. Goldenberg*
**GOLDENBERG SCHNEIDER, L.P.A.**
4445 Lake Forest Drive, Suite 490
Cincinnati, OH 45242
Phone: (513) 345-8297

Fax: (513) 345-8294
jgoldenberg@gs-legal.com

Charles E. Schaffer*
David C. Magagna Jr.
**LEVIN, SEDRAN & BERMAN, LLP**
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 191060
Tel: 215-592-1500
Fax: 215-592-4663
cschaffer@lfsblaw.com
dmagagna@lfsblaw.com

**pro hac vice to be filed*

*Attorneys for the Plaintiff and the Putative Classes*